IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN B. Jr. and JUDI McGEE HOLMES, residents
of the State of Texas, d/b/a Gray Wolf Ranch, L.L.C.,
a New Mexico Limited Liability Company,
and Gray Wolf Ranch, L.L.C.,

       Plaintiffs,

v.                                                     Civil No. 02-1543 WJ/RLP

CORY BOYD, a resident of the State of New Mexico,
individually and d/b/a Speedy Services, a sole proprietorship,

       Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION DISMISS

THIS MATTER comes before the Court pursuant to Defendant's Motion to Dismiss for Lack of Diversity Jurisdiction [Docket No. 4]. Having reviewed the submissions of the parties, I find that this Court has subject matter jurisdiction of this matter pursuant to 28 U.S.C. § 1332. Thus, the motion will be denied.

Plaintiffs are individuals who reside in Texas. These individuals are also "members" of a Limited Liability Company established in New Mexico under New Mexico law. Defendant is a resident of New Mexico. Defendant's motion asserts that the Limited Liability Company shares New Mexico citizenship with Defendant and, thus, there is no diversity jurisdiction.

Under Section 1332(c)(1), a corporation, for purposes of diversity jurisdiction, is deemed a citizen of any state in which it is incorporated and a citizen of the state where it has its principal place of business. Section 1332 also designates special citizenship rules for aliens admitted to the United States for permanent residence and legal representatives of decedents' estates. Case law

has determined that the citizenship of associations other than corporations is the citizenship of each of its members.

Defendant's motion is based on the assumption that limited liability companies should be treated as corporations for purposes of diversity. Nearly every circuit that has addressed this issue has determined that a limited liability company is an association other than a corporation so it shares the citizenship of all its members. See Cosgrove v. Barolotta, 150 F.3d 729 (7th Cir. 1998); Hale v. Mastersoft Int'l Pty, Ltd., 93 F.Supp.2d 1108 (D. Colo. 2000); Keith v. Black Diamond Advisors, Inc., 48 F.Supp.2d 326 (S.D.N.Y. 1999).

I conclude that a limited liability company is not a corporation as that term is used in 28 U.S.C. § 1332(c)(1). Therefore, the citizenship rules of Section 1332(c)(1) do not apply. Instead, a limited liability company is an unincorporated association, has no citizenship independent of its members, and shares the citizenship of all its members for purposes of determining diversity jurisdiction. See Carden v. Arkoma Assoc., 494 U.S. 185 (1990).

Grey Wolf, L.L.C. is a New Mexico Limited Liability Company whose members are both residents of Texas. Applying the above rules, Grey Wolf is deemed a citizen of Texas and not a citizen of New Mexico. As such, there is complete diversity of citizenship between all Plaintiffs and the Defendant.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss for Lack of Diversity Jurisdiction [Docket No. 4] is hereby DENIED.

UNITED STATES DISTRICT JUDGE