IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN B. Jr. and JUDI McGEE HOLMES, residents
of the State of Texas, d/b/a Gray Wolf Ranch, L.L.C.,
a New Mexico Limited Liability Company,
and Gray Wolf Ranch, L.L.C.,

       Plaintiffs,

v.                                                                                                  Civil No. 02-1543 WJ/RLP

CORY BOYD, a resident of the State of New Mexico,
individually and d/b/a Speedy Services, a sole proprietorship,

       Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO STRIKE JURY DEMAND

THIS MATTER comes before the Court pursuant to Plaintiffs' Motion to Strike Jury Demand [Docket No. 27]. Having reviewed the submissions of the parties, the record in the case, and being fully advised on the law, I find that the motion is not well taken and will be denied.

**BACKGROUND AND DISCUSSION**

Plaintiffs filed their Complaint for Breach of Contract on December 6, 2002. Defendants filed a motion to dismiss for lack of jurisdiction in lieu of an answer pursuant to Fed R. Civ. P. 12(b)(1). The Court denied this motion by Memorandum Opinion and Order filed March 5, 2003 [Docket No. 11]. Defendant filed an Answer on March 25, 2003. On April 23, 2003, Defendant filed a motion for withdrawal of counsel [Docket No. 13] which was granted on April 28, 2003 [Docket No. 14]. On May 7, 2003, Attorney Christal K. Grisham entered an appearance on behalf of Defendant. On May 16, 2003, Defendant filed a demand for trial by jury [Docket No. 21] and a motion to amend the answer to assert a counterclaim [Docket No. 22]. This Court

granted Defendant's motion to amend [Docket No. 29], and Defendant filed the First Amended Answer and Counterclaim on June 20, 2003 [Docket No. 30].

Fed. R. Civ. P. 38(b) permits any party to demand a trial by jury by serving a demand on the other parties not later than 10 days after the service of the last pleading directed at an issue triable by jury.  It is not an abuse of discretion for a district court to deny an untimely request for jury trial when the failure to make a timely jury request resulted from nothing more than mere inadvertence.  Nissan Motor Corp., v. Burciaga, 982 F.2d 408, 409 (10th Cir. 1992) (per curiam).  However, the Tenth Circuit has made clear that a district court should exercise its discretion and grant an untimely jury request absent strong and compelling reasons to the contrary.  Id.; Bates v. Bd. of Regents of Northern New Mexico Cmty. Coll., 122 F.R.D. 586, 589 (D.N.M. 1987).

Plaintiffs' motion argues that Defendant's jury demand should be stricken as untimely under Fed. R. Civ. P. 38(b).  Defendant urges that the demand is not untimely because it was filed before ten days after the Amended Answer and Counterclaim was filed.  Defendant further contends that this Court should exercise its discretion to grant the jury request even if it is untimely.

This Court could write a lengthy analysis of whether Defendant's First Amended Answer and Counterclaim was "the last pleading directed to such issue" as contemplated in Fed. R. Civ. P. 38(b).[1]  However, the Court need not do so.  Even if Defendant's jury demand was not timely, the Court would grant the jury request.  Plaintiffs have not given strong and compelling reasons why

---

[1]The Court would likely conclude, after such analysis, that the Amended Answer and Counterclaim was the last pleading "directed to such issue," and that the demand was thus timely filed.  See In re Kaiser Steel Corp., 911 F.2d 380 (10th Cir. 1990); U.S. v. Anderson, 584 F.2d 369 (10th Cir. 1978).

a request for jury should not be granted. Moreover, Defendants have shown that any failure to serve a jury demand at an earlier date was not the result of mere inadvertence.

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Strike Jury Demand [Docket No. 27] is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE