IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN B. Jr. and JUDI McGEE HOLMES, et al.,

    Plaintiffs,

v.                                                                  Civil No. 02-1543 WJ/RLP

CORY BOYD, individually and d/b/a
Speedy Services,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING
IN PART PLAINTIFFS' MOTION TO DISMISS**

THIS MATTER comes before the Court pursuant to Plaintiffs-Counterdefendants' Motion to Dismiss [Docket No. 33]. Having reviewed the submissions of the parties and being fully advised on the applicable law, I find the motion should be granted in part and denied in part.

**BACKGROUND**

By Order filed June 17, 2003 [Docket No. 29], the Court gave Defendant Boyd leave to amend his Answer to assert counterclaims against the Plaintiffs. On June 20, 2003, Boyd filed his Answer and Counterclaims [Docket No. 33]. In his counterclaims, Boyd generally alleges that Plaintiffs, doing business as Gray Wolf Ranch, entered into an "Agreement for Building Services" with Boyd, doing business as Speedy Services. By the terms of this agreement, Boyd was to provide building services for improvement of the Gray Wolf Ranch.

Boyd alleges that he provided goods and services to Gray Wolf Ranch, and that Plaintiff wrongly, without cause, and without good faith, expressed dissatisfaction with the goods and

services he provided.  Additionally, Plaintiffs wrongfully accused Boyd of breach of the Agreement for failing to deliver to subcontractors payments made by Plaintiffs for the purpose of paying those subcontractors.  Boyd attempted to satisfy Plaintiffs' complaints by explaining his efforts and providing Plaintiffs with an accounting of funds paid by Plaintiffs for the benefit of subcontractors.  However, Plaintiffs were not satisfied and continued to complain.  As a result, Boyd ceased any further work under the Agreement and recorded a mechanic's lien in the chain of title to Grey Wolf Ranch to secure payment for goods and services.

Boyd's first cause of action in his counterclaim is for breach of contract and alleges that Plaintiffs breached the contract with Boyd by making unfounded complaints about the goods and services and about the payment of subcontractors and by failing to pay Boyd for work completed.  Boyd's second cause of action in his counterclaim is for breach of the covenant of good faith and fair dealing and alleges that Plaintiffs had no good faith basis for any of their complaints, and that Plaintiffs made the unfounded complaints to provide them with a facially legitimate basis for their failure to pay Boyd for goods, services and completed work.  Boyd's third cause of action is for foreclosure of mechanic's lien, alleges that Boyd has complied with all conditions precedent to execution of the mechanic's lien, and requests the Court enter an Order foreclosing the mechanic's lien and directing that Gray Wolf Ranch be sold at auction and proceeds be applied to the satisfaction of Boyd's unpaid fees.

Boyd's fourth cause of action is for violation of the New Mexico Unfair Practices Act, N.M. Stat. Ann. 1978 § 57-12-1 et seq.  This count alleges that Plaintiffs knowingly made false or misleading oral or written statements in connection with the sale of goods or services or in the collection of debts in the regular course of their trade or commerce.  It further alleges that these

misleading statements may tend to or did deceive or mislead Boyd by representing that the goods or services were of a particular standard, quality, grade, style or model when they were of another. Finally, the count alleges that Plaintiffs disparaged the goods, services, or business of Boyd by false or misleading representations.

Boyd's fifth cause of action in the counterclaim is for malicious abuse of process and alleges that Plaintiffs misused process and filed and are prosecuting this case without probable cause or through some irregularity or impropriety with a primary motive of accomplishing an illegitimate end. Boyd's prayer for relief requests, among other things, punitive damages and attorneys' fees.

Plaintiffs' instant motion requests that the fifth cause of action in Boyd's counterclaim be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs also request that Boyd's requests for punitive damages and attorneys' fees be stricken.

**LEGAL STANDARD**

"A complaint should not be dismissed for failure to state a claim unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Curtis Ambulance of Florida, Inc. v Board of County Comm'n of the County of Shawnee, Kansas, 811 F.2d 1371, 1375 (10th Cir. 1987). When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded allegations in the Complaint and construe them in the light most favorable to the plaintiff. Bullington v United Air Lines, Inc., 186 F.3d 1301, 1311 (10th Cir. 1999).

3

**DISCUSSION**

I.   DEFENDANT/COUNTERCLAIMANT'S CAUSE OF ACTION FOR UNFAIR TRADE PRACTICES

Plaintiffs argue that Boyd's cause of action for unfair trade practices fails to state a claim because Plaintiffs did not make any statements in connection with their regular business or trade. The New Mexico Unfair Practices Act defines an unfair or deceptive trade practice as "any false or misleading oral or written statement . . . or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services or in the extension of credit or in the collection of debts by any person **in the regular course of his trade or commerce**, which may, tends to or does deceive or mislead any person . . . ." N.M. Stat. Ann. 1978 § 57-12-2(D) (emphasis added). Trade or commerce is defined to include "the advertising, offering for sale, sale or distribution of any services and any property and any other article, commodity or thing of value . . . ." N.M. Stat. Ann. 1978 § 51-12-2(C). One of the examples of an unfair trade practice is representing that "goods or services are of a particular standard, quality or grade or that goods are of a particular style or model if they are of another." N.M. Stat. Ann. 1978 § 57-12-2(D)(7). Another example of an unfair trade practice is "disparaging the goods, services or business of another by false or misleading representations." N.M. Stat. Ann. 1978 § 57-12-2(D)(8).

The clear language of the statute makes evident that, in order to violate the New Mexico Unfair Practices Act, it is essential that a person be engaged in trade or commerce, and that the person make a false or misleading representation in the regular course of his or her trade or commerce. Thus, the person must be in the business of advertising, offering for sale, selling, or

4

distributing some type of service or thing of value and must make the false or misleading representation while engaged in the advertising, offering for sale, selling, or distributing.

Boyd urges that the allegations in his counterclaim with regard to the Unfair Practices Act should survive a motion to dismiss because Plaintiffs are doing business as the Gray Wolf Ranch and, as such, are engaged in trade or commerce with an inference to be drawn that their trade or commerce involves residential construction.  Even if the Court draws such an inference, the Court cannot read the fourth cause of action in the counterclaim to state a claim.  There is nothing in the pleadings from which it can be inferred that Plaintiffs, in the regular course of advertising for sale, offering for sale, selling, or distributing services or something of value, made false or misleading statements.  Thus, Boyd's fourth cause of action in the counterclaim for unfair trade practices will be dismissed.

Boyd's Response requested an opportunity to amend the Answer and Counterclaim in the event the Court found that the fourth cause of action failed to state a claim.  Plaintiffs' Reply did not address the issue whether Boyd should be permitted to amend.  Boyd did not provide the Court with any indication on how the Answer/Counterclaim would be amended.   Therefore, the Court will dismiss the fourth cause of action in the Counterclaim for unfair trade practices without prejudice, and Boyd may file a proper motion to amend with a copy of the proposed amendment attached as an exhibit.

II.  PLAINTIFFS' REQUEST THAT DEFENDANT/COUNTERCLAIMANT'S PRAYER FOR PUNITIVE DAMAGES AND FOR ATTORNEYS FEES BE STRICKEN

Plaintiffs contend that Boyd's prayer for punitive damages and for attorneys' fees should be stricken because he pleads no facts which, if proven, would entitle him to an award of either

5

form of relief. Most courts do not consider a pleader's demand for judgment as part of the claim for relief. See Schoonover v. Schoonover, 172 F.2d 526, 530 (10th Cir. 1949); Cassidy v. Millers Cas. Ins. Co. of Texas, 1 F.Supp.2d 1200, 1214 (D.Colo. 1998). Court's are not bound by a prayer for relief, and a pleader is entitled only to the relief made out by the case notwithstanding the relief asked for in the prayer. Cassidy, 1 F.Supp.2d at 1214. The test of a claim pursuant to a motion to dismiss lies in the claim, not in the demand for judgment. Id. "Thus, the only issue on a motion [to] dismiss is whether the claim as stated would give the [pleader] a right to any relief, rather than to the particular relief demanded." Id. The issue of appropriate damages is properly addressed at a later stage in the litigation. Id. Accordingly, Plaintiffs' request that Boyd's prayer for punitive damages and attorneys' fees be stricken will be denied.

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiffs-Counterdefendants' Motion to Dismiss [Docket No. 33] is hereby GRANTED IN PART and Defendant/Counterclaimant's cause of action for unfair trade practices is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiffs-Counterdefendants' Motion to Dismiss [Docket No. 33] is hereby DENIED IN PART in that the request to strike Defendant/Counterclaimant's prayer for punitive damages and attorneys' fees is DENIED.

UNITED STATES DISTRICT JUDGE